Johnson v. Schoch.

SWAN JOHNSON, *Plaintiff*, v. W. F. SCHOCH, *as Probate Judge, etc., Defendant.*

No. 17,726.

SYLLABUS BY THE COURT.

1. INSANE PERSONS—*Discharged from Hospital—Rights of Citizenship.* A person adjudged to be insane and committed to a state hospital for the insane, who was afterward discharged from the hospital as improved, is not, by reason of such discharge, entitled to the entry of an order restoring him to his rights as a citizen.

2. ——— *Same.* Only such patients as have been discharged from the hospital as cured, or are not insane, are entitled to an order of restoration.

3. ——— *Same.* The term "discharged as improved" is not the equivalent of "discharged as cured" within the meaning of the latter term as used in section 8484 of the General Statutes of 1909.

Original proceeding in mandamus. Opinion filed November 11, 1911. Peremptory writ denied.

*John F. Hanson*, for the plaintiff.

*E. R. Simon*, county attorney, for the defendant.

The opinion of the court was delivered by

JOHNSTON, C. J.: The question involved in this proceeding is whether a person who has been adjudged to be insane and committed to a hospital for the insane, and who was afterwards discharged from the institution as improved, is entitled to the entry of an order restoring him to all his rights as a citizen and the removal of a guardian appointed to care for him and his property.

It appears that Swan Johnson was adjudged to be insane and a fit person to be sent to the hospital established for the treatment of the insane. A guardian was appointed and placed in charge of Johnson's property, which was estimated to be worth $2000. Later John-

son was temporarily released on parole, pending a proceeding in which the probate court was asked to find and declare that he had been restored to his sanity and to order his discharge. Upon the hearing the application for an order of restoration was denied and he was remanded to custody in the state hospital. Two months later the superintendent of the hospital sent a notice to the probate judge "that Swan Johnson, a patient from your county, was, on the first day of June, 1911, discharged from this institution as improved." Shortly afterward counsel for Johnson appeared in the probate court and asked for an order restoring Johnson to his rights as a citizen, and, the order being refused, this proceeding was brought to compel the making and entry of such an order.

There is no controversy here as to the facts nor about the present mental condition of the plaintiff, but his contention is that on the face of the record he is entitled to the order asked for, and he argues that under the statute a discharge from the hospital "as improved" is the equivalent of a discharge "as cured." The statute provides:

"When notice shall be given to the probate judge of any county that a patient committed to any hospital in the state upon order of said court has been discharged as cured, under [upon] receipt of such notice, signed by the superintendent, whose duty it shall be to give notice of every such case, the probate judge shall enter upon his docket an order restoring the patient in question to all his rights as a citizen, and if a guardian shall have been appointed, said guardian shall be removed. At any time subsequent to the discharge of the patient as not restored to sound mind, the probate judge of the county may hear evidence tending to show that such patient has been restored to reason, and if satisfied as to his recovery, may make and enter a similar order; and thereafter the patient shall not be liable to be again committed to any hospital or insane asylum without a new inquest in his case. (Laws 1901, ch. 353, § 72, Gen. Stat. 1909, § 8484.)

Johnson v. Schoch.

As will be observed, there is no authority in this provision for an order of restoration unless the patient has been discharged as cured. It is insisted that when a patient is no longer a fit subject for restraint he is cured within the meaning of the law and entitled to an order of restoration. Authority to discharge patients who have been adjudged insane is given to the state board of control, but it may be delegated to the superintendent of the institution, and the following grounds for discharge have been prescribed:

"Because the person so adjudged is not insane; or because he has recovered from the attack of insanity; or because he has so far improved as to be capable of caring for himself; or because the friends of the patient request his discharge, and in the judgment of the superintendent no evil consequences are likely to follow his discharge; or because there is no prospect of further improvement under treatment, and the room occupied by incurable and harmless patients is needed for the admission of others, who are unsafe to be at large and probably are curable." (Laws 1901, ch. 353, § 71, Gen. Stat. 1909, § 8483.)

It is clear that the discharge of plaintiff was for the third reason enumerated in the statute; that is, he was so far improved as to be able to care for himself. The ordinary meaning of the term "improved," when reference is made to one afflicted with mental or physical disease or sickness, is that his condition has been ameliorated, that he has grown better, that he is making progress towards a recovery. It does not convey the idea that there has been a complete recovery nor that the patient is well. Insanity may be either total or partial, and one may be greatly improved and still not be restored to reason and judgment. One who has been insane may be so far improved that he is no longer dangerous to himself and others, and so that there is no necessity for restraining him in an asylum or hospital, and still be mentally unsound, and also be incapable of managing or caring for his own estate. The statute is

that only those who have been cured and are of sound mind shall be restored to the rights of a citizen. Only those who are no longer insane, and for whom guardianship of either their person or property is no longer necessary, are entitled to an order of restoration. It will be observed that discharges from the state hospital are authorized for those who are insane as well as for those who are not insane, hence it does not follow that one released from the hospital is entitled to an order of restoration. A person may be discharged, as we have seen, because he never was insane, or where he was insane and has been cured and become sane, or where he is so far improved that restraint in the hospital is not necessary, or where his friends undertake to care for him and it is believed that they can do so without evil consequences, or where there is no prospect of a cure or further improvement by treatment and there is need of the room for those who are curable and unsafe to be at large.

It is clear that the law contemplates that the rights of citizenship shall only be restored to those who have been cured and those who are sane. So far as this order is concerned there are but two classes, the sane and the insane, and restoration is not authorized for the insane, whatever the degree may be. The mere fact that plaintiff was discharged as improved does not imply that he was discharged as cured and does not require the issuance of an order restoring him to his rights as a citizen.

The peremptory writ of mandamus is denied.